Weldon, J.,
delivered the opinion of the court:
This is a proceeding under the act entitled “An act to provide for the adjudication and payment of claims arising from Indian depredations,” approved March 3,1891.
The attorneys representing the claimant and the Assistant Attorney-General of the United States in charge of the business arising in this court under said act have stipulated and agreed in substance, that the claimant is a citizen of the United States; that on the 24th day of May, 1858, in or near Minnesota, certain Indians belonging to said Chippewa tribe, band, or nation, destroyed property of said claimant without just cause or provocation on the part of the owner or agent in charge; that the same (winch has not been returned or paid for) was at the time and place of the value of $85; that said Chippewa tribe, band, or nation was at the time of the commission of said depredation in amity and treaty relations with the United States; that on the 3d day of December, 1890, a claim for said property so taken or destroyed was examined, approved, and allowed by the Secretary of the Interior, or under his direction, in pursuance of the act of Congress making appropriations for the current expenses of the Indian Department for fulfilling treaty stipulations with various Indian tribes for the year ending June 30, 1886, and for other purposes, approved March 3,1885, and sub *115 sequent appropriation acts, in tbe sran of $85 in favor of said Mortimer Hyne, and thereafter reported snob allowance to Congress; and that neither said claimant nor the United States elects to reopen said case and try the same before the conrt, bnt the claimant is willing to accept the same in full satisfaction and settlement of said claim. The stipulation is made and filed in pursuance of a proviso to the fourth section of said act, as follows:
“Provided, That all unpaid claims which have heretofore been examined, approved, and allowed by the Secretary of the Interior, or under his direction, in pursuance of the act of Congress making appropriations for the current and contingent expenses of the Indian Department, and for fulfilling treaty stipulations with various Indian tribes, for the year ending June thirtieth, eighteen hundred and eighty-six, and for other purposes, approved March third, eighteen hundred and eighty-five, and subsequent Indian appropriation acts, shall have priority of consideration by such court, and judgments for the amounts therein found due shall be rendered, unless either the claimant or the United States shall elect to reopen the case and try the same before the court, in which event the testimony in the case given by the witnesses and the documentary evidence, including reports of Department agents therein, may be read as depositions and proofs: Provided, That the party electing to reopen the case shall assume the burden of proof.”
Counsel representing both parties have, by the terms of the stipulation, signified the unwillingness of both to disturb the. finding of the Secretary of the Interior Department, and upon that condition, the court is by the terms of the statute compelled to render a judgment for the claimant in the sum adjudicated to be due by the action of the Secretary. The finding and allowance of the Interior Department, unless disputed by the claimant or the United States, becomes in this court an award, upon which it is the duty of the court to render a judgment, affirming to the claimant the amount allowed by the action of the Department. We determine no question of law applicable to the original controversy, all differences in fact and in law become merged in the determination of the Secretary in the allowance of the amount which he finds due the claimant.
The ninth section of the act, giving this court jurisdiction of the subject matter of this claim, provides “the allowance to the claimant’s attorney shall be regulated and fixed by the *116 court at tbe time of rendering judgment m eacb case, and entered of record as part of tbe findings thereof.”
In a case involving controverted questions (this being a new jurisdiction in tbe court) we will probably bave occasion to discuss in detail tbe principles of law which under tbe statue are applicable to tbe rights of tbe parties; but in this case, there being no issue to determine, nothing can be said beyond what we bave stated.
Under tbe provisions of tbe statute tbe following judgment is hereby entered:
Tbe court, upon due consideration of tbe premises, find in favor of tbe claimant, and do OTder, adjudge, and decree that tbe said Mortimer Hyne bave and recover of and from tbe United States and tbe Chippewa tribe of Indians committing tbe wrong for which this judgment is rendered tbe sum of $85, of which sum there is allowed McG-rew & Small, tbe claimant’s attorneys, for prosecuting said claim, tbe sum of $17, fixed by tbe court according to tbe provisions of tbe act of March 3, 1891, chapter 538, section 9 (1 Supp. Rev. Stat., 2d ed., 915, 916).