Weldon, J.,
delivered the opinion of the court:
On the 24th of August, 1894, the claimant by his attorney filed an election “not to reopen the allowance made in the above-entitled case by the Secretary of the Interior, but requests the entry of judgment in the said cause for the sum of $984.15, being the amount of the allowance made in favor of said claimant by the Secretary of the Interior on the 24th of November, 1886.”
On the 13th of October, 1894, the defendants filed a motion “to dismiss the claimant’s election not to reopen and request for judgment in the amount allowed by the Secretary of the Interior, filed on August 24,1894.”
In the argument of the motion it was conceded by counsel for the defendants that as against the Kiowas the Secretary had the power, by the provisions of the treaty of July 27,1853 (10 Stat. L., 1013), to make the allowance against said Indians, but that as to the Arapahoes no such power existed either in that or any other treaty between the United States and the Arapahoe Indians.
It is sufficient to say that as to the treaty of 1853 the Arapahoes are not parties to it, therefore not bound by its provisions, and the court has not been cited to or able to find any treaty the provisions of which bind them to the payment of losses.
But it is insisted by counsel for the claimant that the finding of the Secretary is binding upon this court and upon the defendants by that principle of law which prevents judicial judgments and awards from being collaterally attacked; and upon the further ground that, although there is no treaty specially authorizing the Secretary to make an allowance charging the Indians, under the Act of 1834 (4 Stat. L., 731) *21 there is a general power to assess the Indian tribes with the amount of depredations committed by them or their members.
While the counsel very ably argued the first point, and cited many authorities to sustain the general principle of law that collateral proceedings can not affect the legal force of a judgment or award, it does not follow that the court is to give the allowance of the Secretary the sanctity of a judicial finding, binding upon the rights of the parties and the jurisdiction and power of the court. If that theory be true as applied in this proceeding, the right of either party to elect to reopen the case as provided by the statute would be a nullity, and the court would be bound in all cases to enforce the allowance of the Secretary against the party desiring a retrial of the cause. One of the clauses of the fourth section provides, “And judgments for the amounts therein found due shall be rendered unless either the claimant or the United States shall elect to reopen the case and try the same before the court * * * the party electing to reopen the case shall assume the burden of proof.”
The only force the allowance of the Secretary has under the act of our jurisdiction is that upon the stipulation and consent of the parties it may become the basis of a judgment, and in giving a judgment “the court determines no question applicable to the (merits of the) original controversy.” (Hyne v. The United States, 27 C. Cls. R., 113.)
But the stipulation and consent of the parties must be based upon an allowance made in pursuance to law and within the power of the Secretary. An allowance in gross was made against both tribes and the judgment sought to be recovered is to be entered against both; but as to one of them it is void, there being no power in the secretary to make an allowance against the Arapahoes.
The Act of 1885 (23 Stat. L., 376), under which the Secretary acted, provides for an examination and allowance “ on account of depredations committed chargeable against any tribe of Indians by reason of any treaty between such tribes and the United States, including the names and address of the claimants, the date of the alleged depredation, by what tribe committed, the date of the examination and approval, with a reference to the date and' clause of the treaty creating the obligation for payment.”
*22 The theory that the obligation may arise under the act of 1834 can not be successfully maintained in view of the provisions of the act of 1885, which expressly provides as the basis of the award an obligation arising “by reason of any treaty.” The Secretary in his report is to embrace “ a reference to the date and clause of the treaty creating the obligation for payment.”
While Congress has the undoubted right to provide that an obligation to pay may arise from an act of Congress, the policy of the Government has confined the responsibility of the Indian and the consequent power of the Secretary to the obligation arising from treaties in which there is an express undertaking on the part of the Indians to pay for depredations.
There must be an express undertaking, in the form of a treaty, on the part of the tribe to pay, and no general undertaking to keep the peace and treat the citizens honestly and humanely is sufficient to authorize an allowance against the Indians under the act of 1885. (Mares v. The United States et al., 29 C. Cls. R., 197.)
That case presented substantially the question presented by the motion in this case, and the court has in many decisions adhered to the doctrine of that case.
It is said that, there being no contribution between wrongdoers, the judgment may be given against the Kiowas, it being-conceded that the treaty made them liable for their wrongs.
The United States are the guardians of the Indian, having a trust to discharge impartially as to all, and if the Arapahoes are jointly guilty with the Kiowas the United States have the legal right to ascertain that fact by an examination of the case on its merits, and therefore the award must be enforced against them in its entirety, if at all.
If the award was composed of several depredations, some of which were committed by the tribes separately, the result might be different; but in this case no segregation can be made.
Inasmuch as the award can not be maintained as a legal finding upon the part of the Secretary it is not sufficient upon which to base a judgment of this court, and not being sufficient the election of the claimant not to reopen is without authority of law and does not shift the burden of proof to the defendants.
The motion of the defendants is allowed.